UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

Linda M. Morse,

        Plaintiff,

v.

William J. Heller,

        Defendant.

_____

No. 1:21-cv-19248-NHL-SAK

**MEMORANDUM
OPINION & ORDER**

**APPEARANCES:**

LINDA MARIE MORSE
32 DESMOND RUN
SICKLERVILLE, NJ 08081

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Linda Marie Morse, appearing *pro se*, has filed a complaint against Defendant, William J. Heller, arising out of loans that Plaintiff made to Defendant which have not been paid back; and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

    WHEREAS, although § 1915 refers to "prisoners," federal

courts apply § 1915 to non-prisoner IFP applications, <u>Hickson v.</u>
<u>Mauro</u>, 2011 WL 6001088, *1 (D.N.J.2011) (citing <u>Lister v. Dept.</u>
<u>of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section
1915(a) applies to all persons applying for IFP status, and not
just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute
require a federal court to dismiss an action *sua sponte* if,
among other things, the action is frivolous or malicious, or if
it fails to comply with the proper pleading standards, <u>see</u> 28
U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448,
452 (3d Cir. 2013); <u>Martin v. U.S. Department of Homeland</u>
<u>Security</u>, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017)
("Federal law requires this Court to screen Plaintiff's
Complaint for sua sponte dismissal prior to service, and to
dismiss any claim if that claim fails to state a claim upon
which relief may be granted under Fed. R. Civ. P. 12(b)(6)
and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and
all reasonable latitude must be afforded the *pro se* litigant,
<u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976), but *pro se* litigants
"must still plead the essential elements of [their] claim and
[are] not excused from conforming to the standard rules of civil
procedure," <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993)
("[W]e have never suggested that procedural rules in ordinary

2

civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient in four significant ways:

1.   On the form complaint provided by the Court for *pro se* plaintiffs, Plaintiff has checked the box for federal question jurisdiction, but in order to invoke federal question jurisdiction, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States.  See U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Plaintiff has not pleaded what Constitutional provision or federal law Defendant allegedly violated; and

2.   If Plaintiff's case is premised on diversity of citizenship instead for state law claims, Plaintiff has failed to plead the citizenship of the parties.  See 28 U.S.C. § 1332 (providing that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an

amount in controversy in excess of $75,000, exclusive of interests and costs).  Moreover, if Plaintiff is a citizen of New Jersey and if any of the Defendants are citizens of New Jersey, which may be probable based on the addresses provided by Plaintiff in her complaint, then diversity of citizenship would be lacking; and

3.    Plaintiff has failed to state a specific legal basis for her claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."); and

4.    Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(d)(1), which requires that "[e]ach allegation" in a complaint "must be simple, concise, and direct."  Plaintiff's complaint relates that Defendant did this by "scamming [her] out of her life funds" (ECF 1 at 3), but Plaintiff does not specify exactly what conduct Defendant committed that violated the law;

THEREFORE,

IT IS on this   25th   day of   October   , 2021

ORDERED that Plaintiff's IFP application (ECF 1-2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the deficiencies noted above.  If

Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).


At Camden, New Jersey

s/    Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.